IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08 C 1571 |
| ) | |
| JUAN C. CORTEZ, individually and d/b/a ) | *Hon. Suzanne B. Conlon* |
| LAS FLORES RESTAURANT a/k/a ) | |
| LAS FLORES LOUNGE & GRILL, ) | Magistrate Judge Jeffrey Cole |
| ) | |
| Defendants. ) | |

**ANSWER**

Now comes the Defendant, Juan C. Cortez, individually and d/b/a Las Flores Restaurant, a/k/a Las Flores Lounge & Grill, by and through his attorney, Timothy C. Culbertson, and in Answer to Plaintiff's Complaint, alleges as follows:

JURISDICTION

1.   Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, <u>et seq.</u>, and the Cable and Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, <u>et seq</u>.

<u>ANSWER</u>:

1.   Defendant admits the allegations of Paragraph 1.

2.   This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

<u>ANSWER</u>:

2.   Defendant admits the allegations of Paragraph 2.

3.   This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiffs rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous (sic.) conversion of said property of Plaintiff within the control of the Plaintiff in the State of Illinois.

ANSWER:

    3.     Defendant admits that personal jurisdiction as to the Defendant is proper in this Court and denies each and every other allegation of Paragraph 3.

## VENUE

    4.     Pursuant to 47 U.S.C. Section 605, venue is proper in the Northern District of Illinois, Eastern Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

ANSWER:

    4.     Defendant admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b), and denies each and every other allegation of Paragraph 4.

## INTRADISTRICT ASSIGNMENT

    5.     Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Cook County.

ANSWER:

    5.     Defendant admits that the Eastern Division of this Court is the appropriate forum for this case, and denies each and every other allegation of Paragraph 5, particularly, that any alleged act or omission at issue occurred within Cook County, Illinois.

## THE PARTIES

    6.     The Plaintiff, J&J SPORTS PRODUCTIONS, INC., is and at all relevant times mentioned, was a California corporation corporation (sic.) with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

ANSWER:

    6.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 and therefore denies the same.

    7.     The Plaintiff is informed and believes and alleges thereon that at the time of the occurrence, that defendant LAS FLORES RESTAURANT a/k/a LAS FLORES LOUNGE & GRILL was a business entity, having its principal place of business at 1412 Washington Street, Waukegan, Illinois.

ANSWER:

    7.    Defendant admits that he owns and operates a restaurant at 1412 Washington Street, Waukegan, Illinois, and denies all remaining allegations of Paragraph 7.

    8.    The Plaintiff is informed and believes and alleges thereon that defendant JUAN C. CORTEZ, is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of LAS FLORES RESTAURANT a/k/a LAS FLORES LOUNGE & GRILL a business entity.

ANSWER:

    8.    Defendant admits that he is an individual and owns and operates a restaurant known as Las Flores Lounge & Grill, and denies all remaining allegations of Paragraph 8.

COUNT I<br>(Violation of 47 U.S.C. Section 605)

    9.    Plaintiff, J&J SPORTS PRODUCTIONS, INC., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

ANSWER:

    9.    As and for his Answer to Paragraph 9 of the Complaint, Defendant realleges and incorporates his Answers to Paragraphs 1 through 8 above as if fully set forth herein.

    10.    By contract, Plaintiff, J&J SPORTS PRODUCTIONS, INC., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Erik Morales v. Manny Pacquiao World Super Featherweight Championship Fight Program* which took place on March 19, 2005 (this included all under-card bout and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

ANSWER:

    10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 10 and therefore denies the same.

    11.    Pursuant to contract J&J SPORTS PRODUCTIONS, INC., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Illinois, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants social clubs, etc.).

ANSWER:

  11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 11 and therefore denies the same.

  12. As a commercial distributor of sporting events, including the Program, Plaintiff J&J SPORTS PRODUCTIONS, INC., expended substantial monies marketing, advertising, promoting, administering and transmitting the Program to its customers, the aforementioned commercial entities.

ANSWER:

  12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12 and therefore denies the same.

  13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

ANSWER:

  13. Defendant denies each and every allegation of Paragraph 13.

  14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff had the distribution rights thereto).

ANSWER:

  14. Defendant admits that the Statute cited by Plaintiff prohibits the unauthorized interception, exhibition and publication of satellite or radio signals transmitted through the air, and denies each ans every remaining allegation of Paragraph 14.

  15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

ANSWER:

  15. Defendant denies each and every allegation of Paragraph 15.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff J&J SPORTS PRODUCTIONS, INC., has the private right of action pursuant to 47 U. S. C. Section 605.

ANSWER:

16. Defendant denies each and every allegation of Paragraph 16.

17. As the result of the aforementioned defendant's violation of 47 U.S.C. Section 605, and pursuant said Section 605, Plaintiff J&J SPORTS PRODUCTIONS, INC., is entitled to the following from each defendant:
   (a) Statutory damages for each willful violation in an amount of $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(c)(ii);
   (b) Statutory damages in the amount of Ten Thousand Dollars pursuant to 47 U. S. C. 605(e)(3)(C)(i)(II); and
   (c) The Recovery of full costs, including reasonable attorneys' fees pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

ANSWER:

17. Defendant denies each and every allegation of Paragraph 17.

Wherefore, the Defendant, Juan C. Cortez, individually and d/b/a Las Flores Restaurant a/k/a Las Flores Lounge & Grill, prays that this Court deny and all relief sought by Plaintiff by and through Count I of its Complaint, and grant to Defendant's favor any further relief as is just and equitable.

## COUNT II
(Violation of 47 U.S.C. Section 553)

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

ANSWER:

18. As and for his Answer to Paragraph 18 of the Complaint, Defendant realleges and incorporates his Answers to Paragraphs 1 through 17 above as if fully set forth herein.

19. The unauthorized interception, exhibition, publication and divulgence of the Program by each of above-named defendants are prohibited by 47 U.S.C. Section 553 et seq.

ANSWER:

19. Defendant admits that the Statute cited by Plaintiff prohibits the unauthorized interception, exhibition and publication of cable signals transmitted over wire, and denies each and every remaining allegation of Paragraph 19.

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

ANSWER:

20. Defendant denies each and every allegation of Paragraph 20.

21. By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., J&J SPORTS PRODUCTIONS, INC., has the private right of action pursuant to 47 U.S.C. Section 553.

ANSWER:

21. Defendant denies each and every allegation of Paragraph 20.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553 and pursuant to said Section 553, Plaintiff is entitled to the following from each defendant:
(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 553(c)(3)(A)(ii);
(b) Statutory damages for willfulness in the amount of Fifty Thousand Dollars ($50,000.00), pursuant to § 553(c)(3)(B);
(c) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to § 553(c)(2).

ANSWER:

22. Defendant denies each and every allegation of Paragraph 22.

Wherefore, the Defendant, Juan C. Cortez, individually and d/b/a Las Flores Restaurant a/k/a Las Flores Lounge & Grill, prays that this Court deny and all relief sought by Plaintiff by and through Count II of its Complaint, and grant to Defendant's favor any further relief as is just and equitable.

## COUNT III
### (Conversion)

23. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-22 inclusive, as though set forth herein at length.

ANSWER:

23. As and for his Answer to Paragraph 23 of the Complaint, Defendant realleges and incorporates his Answers to Paragraphs 1 through 22 above as if fully set forth herein.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and

each of them, tortuously (sic.) obtained possession of the Program and wrongfully converted it to its own use and benefit.

ANSWER:

24.   Defendant denies each and every allegation of Paragraph 24.

25.   The aforesaid acts of each of the defendants were willful, malicious and intentionally designed to harm the Plaintiff GARDEN CITY BOXING CLUB, INC. (sic.?) and to subject said Plaintiff to economic distress.

ANSWER:

25.   Defendant denies each and every allegation of Paragraph 25.

26.   Accordingly, Plaintiff is entitle to both compensatory, as well as punitive damages fro (sic.) each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

ANSWER:

26.   Defendant denies each and every allegation of Paragraph 26.

Wherefore, the Defendant, Juan C. Cortez, individually and d/b/a Las Flores Restaurant a/k/a Las Flores Lounge & Grill, prays that this Court deny and all relief sought by Plaintiff by and through Count III of its Complaint, and grant to Defendant's favor any further relief as is just and equitable.

> Juan C. Cortez, individually and d/b/a Las Flores Restaurant a/k/a Las Flores Lounge & Grill
>
> By:   /s/ Timothy C. Culbertson
>              His Attorney

Timothy C. Culbertson
ARDC No. 6229083
545 Alida Drive
Cary, Illinois 60013
847-913-5945